# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY G. VILLANO | ) | 3:19-CV-000097 (KAD) |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WOODGREEN SHELTON LLC, *et al.* | ) | |
| *Defendants.* | ) | MAY 8, 2019 |

## ORDER RE:
## THE PLAINTIFF'S MOTIONS TO AMEND [ECF NOS. 32, 34]

Kari A. Dooley, United States District Judge

Pending before the Court are the Plaintiff's two motions to amend. For the reasons set forth in this Order, the motions are DENIED.

As a preliminary matter, the Plaintiff's pleadings in this case are difficult to understand and, in some respects, entirely incomprehensible. The Plaintiff purports to bring an action under Section 1983 of Title 42 of the United States Code and in doing so used the civil rights complaint form available in this District. Yet, it is extraordinarily difficult for the Court to discern the nature and scope of the Plaintiff's claims or the relief that he seeks. The allegations are set forth as a disjointed series of seemingly unconnected statements of fact. For example, the Complaint that he seeks to amend describes the nature of the case as: "Theft of trust property's (sic) & violations of S.S.D. welfare plus [violations] of bankruptcy laws. . . . Abuse holding my personal items hostage lockout." (Complaint ECF No. 1 at 3 (capitalizations omitted).)

The Plaintiff asserts as his first cause of action: "Been violated under Elderly Criminal Act under Medicare." (*Id.*) For supporting facts, he writes:

> Attorney's Anthony Dicostun stole money's from Ciao Trust &
> Briano Trust David Pite Vin Marino Choen & Wolf Lorenzo Coletta
> WH Lori Lacleane Jeff Miller Shelton Peter Ressler will give more
> info once case starts I have all documents plus vidios picture's bank

> acct originals sorry about hand ritings I am scared for me and my
> family that's wy I need federal protection. I need protection's The
> police told me yesterday not to call 911 when the car I was driving
> got stolen in Milford court w[ith] my gun & medison It was a set up
> involving multiple agency's.

(*Id.* at 3–4 (capitalizations omitted; punctuation in the original).) Finally, in his request for relief the Plaintiff asserts: "I request the following relief: My life back They have wrong person & I am a victim protection They said I will be killed soon They have all my info stolen by Milford Police." (*Id.* at 5 (capitalizations omitted; punctuation in the original).)

The nature and scope of the claims are rendered even more confusing when juxtaposed with the named defendants. Although the Milford Police and Chief Mello[1] of the Milford Police Department are named as defendants, so are "WoodGreen Shelton," "Post Rd. Plaza LLC," the Orange Police Department, and Chief Gagne of the Orange Police Department. (*Id.* at 1.) These entities and persons appear nowhere in the body of the Complaint. It is against this murky backdrop that the Court considers the motions to amend.

**The First Motion to Amend (ECF No. 32)**

The first motion to amend, filed on April 16, 2019, provides that the Plaintiff "started this case against a number of people including Peter Ressler who was my personal attorney before he gave up his license to practice law." (ECF No. 32 at ¶ 2.) The Plaintiff further asserts that he wishes "to amend [his] claim against him and make my claim against him more clear." (*Id.* at ¶ 3.) The Plaintiff is mistaken, however. Mr. Ressler is not a named defendant in this action, has not been served, and has not appeared. In reality, the Plaintiff seeks to add Mr. Ressler as a new defendant in this action.

---

[1] In his motion to dismiss, defendant Keith Mello notes that he was improperly named as Chief "G. Nello" in the Complaint. (ECF No. 27 at 1.) To avoid confusion, the Court uses the correct spelling of defendant Mello's name.

Under Rule 21 of the Federal Rules of Civil Procedure, a party may be added "at any time" and "on just terms." Fed. R. Civ. P. 21. "Since Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts have looked to Rule 20 for guidance." *TicketNetwork, Inc. v. Darbouze*, 133 F. Supp. 3d 442, 447 (D. Conn. 2015) (quoting *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010)). Rule 20 provides for "permissive joinder" of parties and indicates that defendants may be joined if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction [or] occurrence . . . ; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Here, the Plaintiff has not alleged that Mr. Ressler might be jointly, severally, or alternatively liable for the current defendants' conduct, that Mr. Ressler's conduct arises out of the same transaction or occurrence, or that there are common questions of law or fact as to all defendants. As quoted above, the Plaintiff does identify Mr. Ressler as a potential witness in the Complaint, (ECF No. 1 at 3), but the dispute that the Plaintiff has with Mr. Ressler that is referenced in the first motion to amend appears to be entirely separate and distinct from the Plaintiff's dispute with the defendants named in the Complaint. Accordingly, it would not be appropriate to permit the Plaintiff to add Mr. Ressler as a defendant in this action.

**The Second Motion to Amend (ECF No. 34)**

In the second motion to amend, filed on April 26, 2019, the Plaintiff seeks to add two plaintiffs and five defendants.[2] (ECF No. 34.) The proposed amendment, which the Plaintiff seeks only to serve as a supplement to his original complaint, is as confusing as the original complaint.

---

[2] Unlike the Complaint, the proposed amendment does not name Jeff Miller, the Milford Police Department, Chief Mello, or Post Road Plaza, LLC, as defendants. It is unclear from the second motion to amend whether the Plaintiff is seeking to remove these defendants from this action. It is also unclear whether the Plaintiff is seeking to add the Town of Orange as a defendant separate and apart from the Town of Orange Police Department.

Although the Plaintiff lists eleven causes of action,[3] he provides no additional factual allegations, except to attach a series of documents which do little to shed light on the allegations and claims at issue in the proposed supplement to the Complaint. Finally, the requests for relief makes little sense, in part, because they are completely disconnected from the allegations in the Complaint and the proposed supplement.

For the following reasons, the second motion to amend is denied. First, the Plaintiff seeks to add Villano & Gallo International Trust ("Villano & Gallo") and Captains Way, Settlor of Ciao Trust, ("Captains Way") as plaintiffs. As the Court has previously explained to the Plaintiff, "an artificial entity cannot proceed *pro se* and any person who represents an artificial entity must 'be an attorney licensed to practice law before our courts,' which Mr. Villano is not."[4] *Villano & Gallo International Trust et al. v. Woodgreen Shelton LLC et al.*, No. 3:19-cv-00287 (KAD), ECF No. 13 (D. Conn. April 4, 2019) (quoting *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983)). Because the self-represented Plaintiff cannot represent Villano & Gallo and Captains Way, they cannot be added as plaintiffs in this action absent the appearance of counsel on their behalf.

Second, the Plaintiff seeks to add James Zeoli, Cohen & Wolf, and Vincent Marino as defendants, but neither the original Complaint nor the second motion to amend contain any allegations against these defendants.[5] Without knowing any factual information about these

---

[3] These include: identity theft; unlawful lock out; unjust enrichment; false arrests; insurance fraud; bank fraud; elderly abuse; unfair trade practice; filling out false police records; breach of local, state, federal and international contracts; mail fraud and wire fraud. It is worth noting that several of these claims invoke state and federal criminal statutes for which no private right of action lies.

[4] Shortly after filing the instant case, the Plaintiff instituted a separate action on behalf of Villano & Gallo and Captains Way. *Villano & Gallo International Trust et al. v. Woodgreen Shelton LLC et al.*, No. 3:19-cv-00287 (KAD). The Plaintiff, and the corporate entities, were given an opportunity to retain counsel for the corporate entities but failed to do so, and the action was dismissed. *Id.*, ECF Nos. 7, 13.

[5] As previously indicated, the Complaint does identify Cohen & Wolf and Vincent Marino as having knowledge of the facts underlying his complaint, but that is all.

proposed defendants, the Court cannot conclude that joinder is appropriate. Moreover, even if the Court did permit Zeoli, Cohen & Wolf, and Marino to be added as defendants, the claims against them would be subject to immediate dismissal under Rule 8 of the Federal Rules of Civil Procedure because the Plaintiff has not asserted any factual allegations against them. Fed. R. Civ. Pro. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (noting that when a complaint does not comply with Rule 8's requirements, "the court has the power, on its own initiative . . . to dismiss the complaint.").

Third, and finally, the Plaintiff seeks to add Officer Sean Murphy and Officer Brian Petrucelli of the Orange Police Department as defendants. The Plaintiff did attach a copy of a civilian complaint he filed with the Orange Police Department to the second motion to amend. (ECF No. 34 at 16–19.) Therein he made some factual allegations against Officers Murphy and Petrucelli relating to an incident that occurred on April 17, 2019. But there is no alleged (or apparent) connection between the April 17, 2019 incident and the factual or legal issues presented in the Complaint. Accordingly, there is no basis for joinder.

**Conclusion**

For the foregoing reasons, the motions to amend are DENIED. In reaching this conclusion, the Court is mindful that pleadings filed by self-represented parties "warrant especially liberal construction." *Shariff v. United States*, 689 Fed. Appx. 18, 19 (2d Cir. 2017) (summary order); *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) ("It is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'") (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)). But the Plaintiff's pleadings, in this and other cases, demonstrate a significant

misapprehension as to not only the Federal Rules of Civil Procedure but also the most basic tenets of this Court's authority and jurisdiction to hear his grievances. For example, in his motions to amend, the Plaintiff does not propose filing a new, amended complaint containing all the claims and allegations at issue in this case. Instead, he seeks to file "supplements" to his original complaint, which will be considered in addition to his original Complaint and other pleadings in this matter. This is not the proper method for amending a complaint.

The Plaintiff further appears to be attempting to litigate a series of disputes that have occurred over the course of the last few years, which involve several different individuals, municipalities, and business entities. But federal law and the Federal Rules of Civil Procedure limit what types of claims and which parties can be properly joined in a single lawsuit. *E.g.*, Fed. R. Civ. Pro. 18 (Joinder of Claims); Fed. R. Civ. Pro. 20 (Permissive Joinder of Parties). Although it might be desirable to the Plaintiff to litigate all these disputes in one action for convenience, the Rules simply do not permit such an approach.

In light of the foregoing, the Court strongly encourages the Plaintiff to familiarize himself with the Federal Rules of Civil Procedure and the scope of this Court's jurisdiction to adjudicate his claims, as federal courts are courts of limited jurisdiction.

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of May 2019.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE