UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY G. VILLANO, *also known as* ANTONIO VILLANO<br>    *Plaintiff*,<br><br>v.<br><br>WOODGREEN SHELTON, LLC, *et al.*<br>    *Defendants*. | 3:19-CV-00097 (KAD)<br><br><br><br><br><br><br>OCTOBER 3, 2019 |

**MEMORANDUM OF DECISION**
**RE: MOTIONS TO DISMISS (ECF NOS. 24, 27)**

Kari A. Dooley, United States District Judge

Plaintiff Anthony Villano (the "Plaintiff") brings this action against the Milford Police Department, Chief Keith Mello of the Milford Police Department,[1] the Orange Police Department, and Chief Robert J. Gagne of the Orange Police Department (collectively, the "Defendants").[2] The Defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 24, 27.) The Plaintiff did not file any opposition to the motions. Notwithstanding, the Court considers the merits of each Defendant's motion. For the reasons set forth below, the motions to dismiss are GRANTED.

**The Complaint**

On January 18, 2018, the Plaintiff filed the Complaint in this matter using the form complaint for this District. At the outset, the Court notes that the Complaint is largely inscrutable. In the "Nature of the Case" section, the Plaintiff states the following:

---

[1] The Complaint contains a typographical error with respect to Chief Keith Mello's name. To avoid confusion, the Court will use the correct spelling of defendant Mello's name.

[2] Three other named defendants were previously dismissed from this action after the Plaintiff failed to effectuate service on them. (ECF No. 42.)

> THeFT oF TRusT Property's & Violation's of S.S.D WelFARe plus [violations of] BAnkRuptcy Law's . . . ABUSE Holding My Personal ITEMS HOStAGE Lock OUT.

(Compl. at 3.) The Plaintiff's claim is identified as a violation "under Elderly Criminal Act under Medicare." (*Id.*) Significantly, the Plaintiff does not include any factual allegations regarding the conduct of the Defendants. Near the end of the "Supporting Facts" there is a single reference to law enforcement. The Plaintiff states "I need PRotection's [sic][.] THe Police Told me yesterday not To CAll 911 WHen THe CAr I wAs DRiving got stolen In MilFord couRt w[ith] my gun and medison [sic][.] IT wAs A set up Involving mulTiple Agency's [sic.]" (*Id.* at 4.) A second reference to law enforcement appears in the "Request for Relief" section of the form complaint. The Plaintiff states, "I request the following relief: My liFe Back[.] THey HAVe Wrong PeRson & I AM a victom [sic] PRotection[.] THey said I will Be killed soon[.] THey HAVE All my InFo Stolen By MilFord Police." (*Id.* at 5.) Chief Mello, Chief Gagne, and the Orange Police Department are not mentioned anywhere in the body of the Complaint.

**Standard of Review**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678.

**Discussion**

The Defendants have moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. They argue that the Complaint should be dismissed because it does not contain any factual allegations against them and, therefore, does not state any plausible basis for relief. The police department defendants further move to dismiss this action on the grounds that they cannot be sued because they are not legal entities subject to suit. The Plaintiff has not responded to the motions to dismiss, and his time to do so has long since passed.

Dismissal is appropriate here because, even construing this *pro se* complaint liberally, the Court cannot discern any claims, let alone any plausible claims, against these Defendants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." [citations omitted; internal quotation marks omitted]). The Plaintiff has not made any factual allegations against Chief Mello, the Orange Police Department, or Chief Gagne.

The Complaint does suggest that the Milford Police Department, in an unknown fashion, was involved in the theft of information from or about the Plaintiff. Even if the Court were to conclude that these allegations set forth a cognizable claim against the Milford Police Department, the Milford Police Department is not a legal entity capable of being sued. *Salaman v. Bullock*, No. 3:05-cv-00876 (JCH), 2007 WL 879130, at *2 (D. Conn. Mar. 15, 2007) ("Although a municipality is subject to suit . . . a municipal police department is not."). "A municipal police department is a sub-unit or agency of the municipal government through which the municipality fulfills its policing function. Because a municipal police department is not an independent legal

entity, it is not subject to suit. . . ." *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn. 2005); *accord Salaman*, 2007 WL 879130, at *2; *see also Weitz v. Greenwich Police Dep't*, No. CV-04-0200464-S, 2005 WL 375302, at *2 (Conn. Super. Ct. Jan. 10, 2005) ("there is no provision [in the Connecticut General Statutes] providing that municipal police departments constitute a legal entity separate and apart from the municipality they serve, or that they have the power to sue or be sued").

Accordingly, the motions to dismiss are granted. The dismissal is with prejudice as to the Milford Police Department and the Orange Police Department because any efforts to amend the claims against these defendants would be futile, as neither defendant is a legal entity capable of being sued. *Danis v. Moody's Corp.*, 627 Fed. Appx. 31, 32 (2d Cir. 2016) (summary order) (affirming dismissal with prejudice due to futility); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [Plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 386 (D. Conn. 2008) (noting that leave to amend may be denied where the proposed amendment would be futile).

The dismissal is with prejudice as to Chief Gagne because there is nothing in the current complaint implicating any conduct on the part of him, the Orange Police Department, or any of its officers. Ordinarily, the district court should not dismiss a *pro se* plaintiff's complaint without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco*, 222 F.3d at 112. But here, there is no indication that a valid claim might be stated against this defendant because there are no factual allegations asserted against him. *See Hariprasad v. New York*, 722 Fed. Appx. 102, 103 (2d Cir. 2018) (summary order) (affirming dismissal of complaint without leave to amend where the *pro se* plaintiff "alleged no factual

allegations" against the defendant and, therefore, "there [was] no indication that [plaintiff] might plead a valid claim").

The dismissal is without prejudice as to Chief Mello. The Plaintiff may file an amended complaint if he believes he can articulate a plausible and cognizable cause of action against Chief Mello consistent with the law set forth above. Any amended complaint must be filed on or before October 23, 2019. Failure to file an amended complaint will result in dismissal of this action with prejudice on October 24, 2019 without further notice from the Court.

**Conclusion**

For the reasons previously stated, the motions to dismiss [ECF Nos. 24, 27] are GRANTED. The dismissal is with prejudice as to the Milford Police Department, the Orange Police Department, and Chief Robert J. Gagne of the Orange Police Department. The dismissal is without prejudice as to Chief Keith Mello of the Milford Police Department. Any amended complaint must be filed on or before October 23, 2019. **Failure to file an amended complaint will result in dismissal of this action with prejudice on October 24, 2019 without further notice from the Court.**

**SO ORDERED** at Bridgeport, Connecticut, this 3rd day of October 2019.

                                     */s/ Kari A. Dooley*
                                     KARI A. DOOLEY
                                     UNITED STATES DISTRICT JUDGE